GREEN, J.
The clause in Daniel Tra-bne’s will, upon which the questions in this cause mainly depend, is (dropping the inoperative words) to this effect: after giving to his grandsons, the children of his deceased daughter, Mrs. Burfoot, real and personal property, in general terms, to be equally divided between them, the testator proceeds: ‘‘All the estate given to my grandsons is to be equally divided between them,1 each holding his part in fee simple, upon condition that each shall have issue of his body lawfully begotten; but if either of my grandsons should die leaving no such issue, then his share shall pass to the surviving grandson ; and such survivor shall hold and enjoy in fee simple, the whole estate given to both, upon condition that such surviving grandson shall at the time of his death leave issue of his body lawfully begotten : but if both my grandsons shall depart this life, neither of them leaving such issue as aforesaid, and any of the children or grandchildren of my daughter Elizabeth should be then living, the whole estate given to my two grandsons, shall be considered as given for life only, and the same shall, after their death without such issue as aforesaid, be equally divided in fee *simple amongst the issue of my daughter Elizabeth then living, and the children to such of them as may then be dead.”
Neither party insists, that the terms upon condition used in this clause, make a common law condition, either precedent or subsequent. If it did, the main objects of the will would be defeated, whether it was considered as a condition precedent or subsequent ; in the first case, it would leave the estates given, in express terms, immediately to the grandsons, to descend to the testator’s heirs at law until the condition was performed; and in the other, upon the failure of the condition, the estates would revert to the heirs at law, and the limitations over be defeated, even if they were in all other respects good. They operate only as words of limitation, and are to be construed like any other words of limitation, according to the intent of the testator, to be gathered from his whole will.
The counsel for the appellant admitting this, insists, that the grandsons took, respectively, either estates in fee simple, with limitations over operating as valid execu-tory devises, or estates for life with contingent remainders; and that, whether the words surviving grandson and such survivor, be taken according to their literal import, or as meaning other grandson ; such other: while the counsel for the ap-pellees insist, that they took estates tail.
One of the constructions relied upon on the part of the appellant, is, that the grandsons took, in their respective moieties, only estates for their lives, with a series of contingent remainders limited upon them, for life and in fee, to and between them, and to the issue of Mrs. M’Tj're, depending upon the event of one or both of them leaving or not leaving issue living at the time of the death. I do not think there is any foundation for this construction. The estates originally given to each, were declared, in express terms, to be in fee simple, to go over to the other in certain events, and finally, if both should die without leaving issue, to the issue of Mrs. M’Tyre, in which event only did the testator declare, that the whole estate given to both should *be considered as given for life only. That event has not happened; and the estates, whether of fee simple or fee tail, originally given, remain unaffected by that declaration, even if they can be hereafter affected thereby, in the event of the death of both the grandsons without leaving issue. That declaration, however, although inefficient to reduce the estates originally given to estates for life, has some influence in determining the real question in the cause; which is, Whether the limitations over were intended by the testator, to take effect after an indefinite failure of the issue of the grandsons respectively, or only in the event of the failure of issue living at the time of their deaths respectively?
If he meant an indefinite failure of issue, the limitations over would be defeated, whether the original estate in fee simple was or was not converted, by the subsequent provisions of the will, into an estate tail; in the one case, by the limits imposed upon executory devises; in the other, by the operation of our statute converting estates tail into fees simple, and defeating all remainders limited thereon. If he meant a definite failure of issue, then the limitations over would be valid as execu-tory devises, unless it be necessary, in order to effectuate the intention of the testator, according to the law as it was before the statute abolishing entails, by converting the estates in fee simple given in express terms, into estates tail.
Before examining these questions, it may be proper to remark, that whatever *280 was the intention of the testator, in respect to the period when the limitations over should take effect, or whether the estates given to the grandsons were estates in fee, simple or fee tail, it is necessary, in order to effect his obvious intention in respect to the disposition of the property given to his grandsons, to consider the words surviving grandson and such survivor as meaning other grandson and such other. Eor, taking those expressions of the will in their literal signification, the consequence would be, that if the gran'dson first dying left issue surviving him, and the other afterwards died without issue surviving him, *the issue of the one first dying could not take the share of the one dying last, either as an executory devise, or as a contingent remainder limited upon an estate tail. If it was an estate in fee simple, it would descend to the heirs at law of the grandson last dying; his father, if living: if an estate tail, it would revert to the heirs at law of the testator. I speak of the law as it was before our statute converting estates tail into fees simple. But, under the operation of that statute, whether an estate in fee simple or fee tail, it would in such a case have descended to the heirs at law of the grandson. Such an event would have been contrary to the manifest intention of the testator; which was to give his whole estate (after providing for the support of his wife and living daughter for their lives, in equal or nearly equal proportions to the respective families of his living and deceased daughter) under such limitations, as to continue the proportion assigned to the family of his deceased daughter in her family, if either of her children had issue, but if not, then to transfer it to the family of his living daughter; and vice versa, to continue the proportion assigned to the family of the living daughter in her family, if she left any issue, and if not, to transfer it’to the issue of his deceased daughter. These words, therefore, surviving grandson and such survivor, found in the clause of the will under consideration, give no aid in determining the intention of the testator, as to the period at which the limitations over were to take effect.
The settled construction of the expressions of this will: “ upon condition that each shall have issue of his body lawfully begotten;” “but if either should die leaving no such issue;” “if both should depart this life, neither of them leaving such issue;” and “after their death without such issue,” is, that they refer to an indefinite failure of issue, unless limited and controlled by some other provision or expression in the will. To justify the construction contended for by the appellant, it is necessary to find in it something shewing satisfactorily, that the testator, in all these expressions, intended to confine them to a failure of the issue of the *grandsons, not at an indefinite period, but at the time of their respective deaths. And, I think, there is enough in the will for that purpose.
The testator repeatedly, and as it seems emphatically, declares, that his grandsons shall, if they have or leave issue, take and I hold in fee simple, as contradistinguished from the life estates only, which in an after clause he declares they shall be considered as taking, if both should depart this life neither of them leaving such issue; a declaration totally inconsistent with the idea of the indefinite failure of issue, and absurd if applied to the case of one of them dying and leaving issue, and that issue inheriting until it failed; but perfectly apt and sensible, if applied to the case of both dying without leaving issue, living at the time of their respective deaths. Again, in providing’for the case, in which one of the grandsons dj'ing without issue, the other was to take his share, the testator says: “and such survivor shall hold and enjoy in fee simple the whole estate given to both, upon condition that such surviving grandson shall at the time of his death leave issue of his body lawfully begotten:” thus explicitly providing, in that particular instance, for the case of -a failure of issue at the death of the devisee. And there is no imaginable motive, which could induce him to make any discrimination between the limitation in that particular case, and all others contained in this clause of the will.
The effect of the will, therefore, is to give to each of the grandsons an estate in fee, and if either of them died without issue living at the time of his death, to the other in fee, and if both died without issue living at their respective deaths, to the issue of Mrs. M’Tyre then living, in fee.
The other judges concurred, and the decree was reversed.